**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WILFREDO MORALES,<br><br>                Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | Civil No. 12-6632(NLH)<br><br>**OPINION** |

**APPEARANCES:**

ALAN H. POLONSKY
POLONSKY AND POLONSKY
512 SOUTH WHITE HORSE PIKE
AUDUBON, NJ 08106

   *On behalf of Plaintiff*

ANDREA LAURA LECHLEITNER
SPECIAL ASSISTANT U.S. ATTORNEY
SOCIAL SECURITY ADMINISTRATION
OFFICE OF GENERAL COUNSEL
26 FEDERAL PLAZA
ROOM 3904
NEW YORK, NY 10278

   *On behalf of Defendant*

**HILLMAN**, District Judge

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to review the final decision of the Commissioner of the Social Security Administration, denying Plaintiff's application for Disability Insurance Benefits and Supplemental Security Income ("Social Security benefits") under Title II and Title XVI of the Social Security Act. 42 U.S.C. § 401, et seq. The issue

before the Court is whether the Administrative Law Judge ("ALJ") erred in finding that there was "substantial evidence" that Plaintiff was not disabled at any time since his alleged onset date of disability, May 21, 2009. For the reasons stated below, this Court will affirm that decision.

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed an application for disability benefits, claiming that as of May 21, 2009, his degenerative disc disease of the lumbar spine, hepatitis C, affective disease, personality disorder, and history of substance abuse have left him completely disabled and unable to work. Prior to that date, Plaintiff worked as a general laborer.

After a hearing before an ALJ, it was determined that Plaintiff was not disabled. Plaintiff appealed the decision. The Appeals Council reviewed the ALJ's decision, and upheld it, thus rendering it as final. Plaintiff now seeks this Court's review.

## II. DISCUSSION

### A. Standard of Review

Under 42 U.S.C. § 405(g), Congress provided for judicial review of the Commissioner's decision to deny a complainant's application for Disability Insurance Benefits. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995). A reviewing court must uphold the Commissioner's factual decisions where they are

supported by "substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001); Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992). Substantial evidence means more than "a mere scintilla." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. The inquiry is not whether the reviewing court would have made the same determination, but whether the Commissioner's conclusion was reasonable. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).

A reviewing court has a duty to review the evidence in its totality. See Daring v. Heckler, 727 F.2d 64, 70 (3d Cir. 1984). "[A] court must 'take into account whatever in the record fairly detracts from its weight.'" Schonewolf v. Callahan, 972 F. Supp. 277, 284 (D.N.J. 1997) (quoting Willbanks v. Secretary of Health & Human Servs., 847 F.2d 301, 303 (6th Cir. 1988) (quoting Universal Camera Corp. V. NLRB, 340 U.S. 474, 488 (1951)).

The Commissioner "must adequately explain in the record his reasons for rejecting or discrediting competent evidence." Ogden v. Bowen, 677 F. Supp 273, 278 (M.D. Pa. 1987) (citing Brewster v. Heckler, 786 F.2d 581 (3d Cir. 1986)). The Third Circuit has held that an "ALJ must review all pertinent medical evidence and

3

explain his conciliations and rejections." Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 122 (3d Cir. 2000). Similarly, an ALJ must also consider and weigh all of the non-medical evidence before him. Id. (citing Van Horn v. Schweiker, 717 F.2d 871, 873 (3d Cir. 1983)); Cotter v. Harris, 642 F.2d 700, 707 (3d Cir. 1981).

The Third Circuit has held that access to the Commissioner's reasoning is indeed essential to a meaningful court review:

> Unless the [Commissioner] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978). Although an ALJ, as the fact finder, must consider and evaluate the medical evidence presented, Fargnoli, 247 F.3d at 42, "[t]here is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record," Hur v. Barnhart, 94 Fed. Appx. 130, 133 (3d Cir. 2004). In terms of judicial review, a district court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." Williams, 970 F.2d at 1182. However, apart from the substantial evidence inquiry, a reviewing court is entitled to satisfy itself that the Commissioner arrived at his decision by application of the proper

legal standards. Sykes, 228 F.3d at 262; Friedberg v. Schweiker, 721 F.2d 445, 447 (3d Cir. 1983); Curtin v. Harris, 508 F. Supp. 791, 793 (D.N.J. 1981).

**B.   Standard for Disability Insurance Benefits**

The Social Security Act defines "disability" for purposes of an entitlement to a period of disability and disability insurance benefits as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months. See 42 U.S.C. § 1382c(a)(3)(A).  Under this definition, a Plaintiff qualifies as disabled only if his physical or mental impairments are of such severity that he is not only unable to perform his past relevant work, but cannot, given his age, education, and work experience, engage in any other type of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.  42 U.S.C. § 1382c(a)(3)(B)(emphasis added).

The Commissioner has promulgated regulations for determining disability that require application of a five-step sequential analysis.  See 20 C.F.R. § 404.1520.  This five-step process is summarized as follows:

5

1. If the claimant currently is engaged in substantial gainful employment, he will be found "not disabled."

2. If the claimant does not suffer from a "severe impairment," he will be found "not disabled."

3. If the severe impairment meets or equals a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 <u>and</u> has lasted or is expected to last for a continuous period of at least twelve months, the claimant will be found "disabled."

4. If the claimant can still perform work he has done in the past ("past relevant work") despite the severe impairment, he will be found "not disabled."

5. Finally, the Commissioner will consider the claimant's ability to perform work ("residual functional capacity"), age, education, and past work experience to determine whether or not he is capable of performing other work which exists in the national economy. If he is incapable, he will be found "disabled." If he is capable, he will be found "not disabled."

20 C.F.R. § 404.1520(b)-(f). Entitlement to benefits is therefore dependent upon a finding that the claimant is incapable of performing work in the national economy.

This five-step process involves a shifting burden of proof. <u>See</u> <u>Wallace v. Secretary of Health & Human Servs.</u>, 722 F.2d 1150, 1153 (3d Cir. 1983). In the first four steps of the analysis, the burden is on the claimant to prove every element of his claim by a preponderance of the evidence. <u>See</u> <u>id.</u> In the final step, the Commissioner bears the burden of proving that work is available for the Plaintiff: "Once a claimant has proved that he is unable to perform his former job, the burden shifts to the Commissioner to prove that there is some other kind of

substantial gainful employment he is able to perform." Kangas v. Bowen, 823 F.2d 775, 777 (3d Cir. 1987); see Olsen v. Schweiker, 703 F.2d 751, 753 (3d Cir. 1983).

**C.  Analysis**

In this case, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset of disability (Step One).  The ALJ next found that Plaintiff's degenerative disc disease of the lumbar spine, hepatitis C, affective disease, personality disorder, and history of substance abuse were severe (Step Two).  The ALJ then found that Plaintiff's impairments did not meet the medical equivalence criteria (Step Three).  At Step Four, the ALJ found that even though Plaintiff was not capable of performing his previous job as a general laborer, Plaintiff had the residual functional capacity (RFC) to perform other jobs at the sedentary level, such small parts assembler, which are in significant numbers in the national economy (Step Five).

The dispositive issue to be decided on this appeal is whether the ALJ erred in discounting Plaintiff's treating physician's notes in determining Plaintiff's residual functional capacity and his capability of performing the duties of sedentary work.  The Court finds that substantial evidence supports the ALJ's determination, and the ALJ therefore did not err in his decision.

7

Dr. Gregory Williams, a psychiatrist, is Plaintiff's main treating physician. The ALJ afforded Dr. Williams' reports only "partial" weight, instead of controlling weight, which Plaintiff argues is the weight Dr. Williams should have been afforded. Although it is true that Social Security regulations provide that a treating physician will be afforded controlling weight as to the nature and severity of a claimant's impairment, that weight is not automatic - only if the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence of record, will the treating physician's opinion carry more weight than any other doctor. See 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); SSR 96-2p.

Here, the ALJ properly explained and supported his basis for not giving Dr. Williams' opinion controlling weight. Moreover, even if the ALJ had considered Dr. Williams' notes with more weight than the state consultant physicians' findings, Dr. Williams' findings, as detailed below, do not independently support a finding that Plaintiff is not capable of performing any work.

As set forth in the ALJ's decision, Dr. Williams reported several observations relayed to Dr. Williams by Plaintiff: (1) Plaintiff sometimes helps his mother with the dusting or making the bed; (2) Plaintiff gets help with cooking, shopping, paying

bills, and doing laundry; (3) Plaintiff does not believe he is able to work in the public because it would be too much pressure; (4) Plaintiff does not think he could work in a crowd, but that he could not work alone either, and he would need constant instructions from others; and (5) Plaintiff was stressed out trying to obtain SSI benefits.

Dr. Williams' clinical findings and his own observations, as recounted by the ALJ, include: (1) Plaintiff has a poor memory and needs supervision when working; (2) Plaintiff's attendance at his appointments was good; (3) Plaintiff was responding well to medications; (4) Plaintiff's mood was stable; (5) Plaintiff was very clear minded; (6) Plaintiff's mood swings were resolved; (7) Plaintiff had no significant depression; (8) Plaintiff was polite and cooperative; (9) Plaintiff's schizophrenia and bipolar disorder were well managed with medications; (10) Plaintiff was orientated in all three spheres (correctly identified the correct time and date, place, and geographical location); (11) Plaintiff was cooperative; (12) Plaintiff made good eye contact, and had no sensory deficits or perceptual disturbances; (13) Plaintiff had severe limitation in understanding and memory; and (14) Plaintiff complied with medical treatment. Overall, however, Dr. Williams reported that he could not provide a medical opinion as to Plaintiff's ability to perform work related activities.

While the ALJ considered Dr. Williams' findings, the ALJ

also considered state consultative physician reports, and Plaintiff's testimony at the hearing. With regard to the medical evidence, the ALJ noted: (1) significant gaps in Plaintiff's treatment history; (2) Plaintiff's condition was well-managed by medication; (3) Dr. David Bogacki, a consulting psychiatrist, observed that although Plaintiff's intellectual functioning was below average, Plaintiff was oriented to time, place and person, his speech was logical and coherent, goal oriented, and without psychotic symptoms, he had intact judgment and insight, and he did not require assistance on self-care tasks; (4) Dr. Bogacki found that Plaintiff was deliberately withholding information at the evaluation, and made an exaggerated presentation; (5) Dr. Bogacki made the diagnosis of malingering, but if malingering was ruled out, he would diagnose Plaintiff as suffering from depressive disorder and heroin dependency-unspecified[1]; (6) Plaintiff's back pain caused him discomfort, but doctors' reports, such as those by Dr. Khona, demonstrate that he is able to sit, stand, bend, and lift.

As to Plaintiff's testimony, the ALJ found that much of his testimony was discounted by the medical evidence, that the "allegedly limited activities cannot be objectively verified with any reasonable degree of certainty," and "even if the claimant's

---

[1] It appears that at the time of the hearing, Plaintiff had been off heroin and taking methadone for about three years.

10

daily activities are truly as limited as alleged, it is difficult to attribute that degree of limitation to the claimant's medical condition, as opposed to other reasons, in view of the relatively weak medical evidence and other factors discussed herein." ®. at 24.)

The ALJ ultimately concluded that the evidence did not reveal any episodes of decompensation that have been of extended duration, Plaintiff's mental disorders were well-controlled on medication, his physical impairments did not impose significant restrictions on Plaintiff's physical health, and "the paucity of clinical deficits noted upon physical examination, the infrequency of the claimant's visits to his treating physician, his course of treatment, the opinions of Dr. Bogacki[] and Dr. Khona[], . . ., and the claimant's own testimony," all demonstrated that Plaintiff had the RFC to perform sedentary work.[2]

The Court concludes that the ALJ's findings are properly supported by the record evidence described in the ALJ's decision. The Court notes that the ALJ does not have to detail every piece

---

[2]"Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567.

of evidence in the record that he considered in making his decision, Hur v. Barnhart, 94 Fed. Appx. 130, 133 (3d Cir. 2004), but even if the ALJ only considered what he included in his decision, it is substantial. Additionally, "[i]n evaluating medical reports, the ALJ is free to choose the medical opinion of one doctor over that of another," Diaz v. Commissioner, 577 F.3d 500, 505-06 (3d Cir. 2009); Posko v. Astrue, 756 F. Supp. 2d 607, 613 (D. Del. 2010), and the ALJ in this case properly explained which doctors he credited and discredited. Moreover, an ALJ is not required to blindly follow a treating physician's conclusions.[3] Brownawell v. Commissioner Of Social Security, 554 F.3d 352, 355 (3d Cir. 2008).

Finally, the Social Security regulations provide that allegations of pain and other subjective symptoms must be supported by objective medical evidence, 20 C.F.R. § 404.1529(c), and an ALJ may reject a claimant's subjective testimony if he does not find it credible as long as he explains why he is rejecting the testimony. Schaudeck v. Comm'r of Social Security, 181 F.3d 429, 433 (3d Cir. 1999); SSR 96-7p ("No symptom or

---

[3]An ALJ also does not need to give any particular weight to a treating physician's conclusions about a claimant's RFC or ability to work. 20 C.F.R. § 404.1527(e) (explaining that the issue of the RFC assessment is reserved for the Commissioner, and a physician's opinion thereon is not entitled to any special significance). The ALJ here did not have to discuss the treating doctor's opinions as to Plaintiff's ability to work because Dr. Williams did not take any position on Plaintiff's ability to work.

12

combination of symptoms can be the basis for a finding of disability, no matter how genuine the individual's complaints may appear to be, unless there are medical signs and laboratory findings demonstrating the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms.") The ALJ properly did so here.

Thus, even though the ALJ's decision may be criticized for its many grammatical and typographical errors, its substance provides a well-reasoned and well-supported rationale for the ALJ's finding that Plaintiff retains the RFC to perform sedentary work. Accordingly, the Court cannot find that the ALJ erred in his decision.

### III. Conclusion

For the reasons expressed above, the ALJ's determination that Plaintiff was not totally disabled is supported by substantial evidence. Accordingly, the decision of the ALJ is affirmed. An accompanying Order will be issued.

Date: December 27, 2013          s/ Noel L. Hillman
                                 NOEL L. HILLMAN, U.S.D.J.